FRANK G. HOLMES v. WILLIAM KORTLANDER AND HENRY B. GRADY.

*Partnership—Contract made by one copartner—Ratification.*

Defendants were copartners engaged in the liquor business, and defendant Grady employed plaintiff to take the necessary legal steps to enable a traveling salesman of the firm to open a saloon, which they expected to supply with liquors. Defendants had joint conversations with plaintiff concerning the business, and Kortlander paid plaintiff some money towards his expenses in attending to it.

*Held,* in a suit to recover pay for such services, that it was not error to instruct the jury that, if such payment was made with knowledge of the arrangement with Grady, Kortlander was liable with him for its performance.

*Held,* further, that the arrangement, being made in the interest of the firm, could be ratified even if outside of the joint business, which seems very doubtful.

Error to Kent. (Montgomery, J.) Argued January 13, 1887. Decided January 27, 1887.

Assumpsit. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Peter Doran,* for appellants.

*Frank G. Holmes,* in *pro. per.*

CAMPBELL, C. J. Holmes sued and recovered judgment below for legal services in prosecuting certain proceedings to secure authority for the sale of liquors in the village of Charlevoix. The chief defense was that the services were rendered for one Salsbury, who was the party interested, and not for defendants.

Plaintiff's testimony tended to show that defendants were desirous of having the authority granted,—they being liquor dealers in Grand Rapids, expecting to furnish stock to the

saloon,—and that he was employed by their desire, and acted really in their interest.

The only errors assigned are one for the admission of a letter from Salsbury, purporting to be signed in his behalf by one J. M. Clark, without proof of Clark's agency in the matter; a second referring, as will hereafter be shown more fully, to the action supposed to bind defendants as a firm; and a third concerning the effect of a payment by Kortlander to plaintiff.

The letter in question was written in Salsbury's name to defendants, desiring to know whether he was wished by defendants to file a liquor bond with the village council, which had been made in the name of John Buckley, the ostensible proprietor of the saloon business, and deposit the requisite money, and open the saloon in Buckley's name.

It had already appeared that Grady, one of the firm of the defendants, had employed plaintiff to get up this bond, and make application in the name of Buckley, their traveling agent, Salsbury and another to sign the bonds, and Salsbury to be the real manager of the business. The letter in question was brought to plaintiff, and handed him by Grady, who subsequently employed him to apply for a *mandamus*. There was no question but that Grady employed plaintiff. The only question was as to Kortlander. The testimony of Mr. Grady, at a subsequent stage of the case, very clearly establishes the genuineness of the letter in question, and cures any deficiency in evidence in the outset.

There was also positive testimony that Kortlander and Grady had joint conversations and communications with plaintiff on the subject of the business in dispute, and that Kortlander paid plaintiff some money towards his expenses in attending to it. It was not error, therefore, to instruct the jury that, if Kortlander paid this money knowing of the arrangement, he was equally bound with Grady. The arrangement was made by Grady in the firm interest, and could

be ratified if it was really outside of the firm business, which seems to us very doubtful, although the court below gave defendants the benefit of the doubt.

We think the judgment should be affirmed.

SHERWOOD and CHAMPLIN, JJ., concurred. MORSE, J., did not sit.